IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HILL INTERNATIONAL, INC., *Plaintiff*, v. SUFFOLK CONSTRUCTION COMPANY, INC., *Defendant*. | Civil Action No. ELH-11-2645 |

**MEMORANDUM OPINION**

This case originated in the Circuit Court for Baltimore City, Maryland, and involves a single count of unjust enrichment under Maryland common law. On or about May 10, 2010, Hill International, Inc. ("Hill"), plaintiff, filed a Complaint (ECF 2) against Suffolk Construction Company, Inc. ("Suffolk"), defendant, and requested damages in "an amount in excess of $39,717.44, plus interest, costs, and any other relief [the] Court deems appropriate."

On or about August 22, 2011, Hill filed in the Maryland circuit court a Third Amended Complaint (ECF 18), seeking damages in excess of $3 million. Within thirty days, defendant removed the case to federal court, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332(a). *See* Notice of Removal (ECF 1). For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), the parties are diverse.[1] However, the amount in controversy (at least arguably) did not exceed the jurisdictional threshold of $75,000 until the filing of the Third Amended Complaint.

---

[1] Suffolk is incorporated and has its principal place of business in Massachusetts, while Hill is incorporated and has its principal place of business in New Jersey. *See* 28 U.S.C. § 1332(c)(1) (for purposes of diversity jurisdiction, a corporation is a citizen of the state where it is incorporated and the state where its principal place of business is located).

The Third Amended Complaint and Suffolk's subsequent notice of removal to this Court (ECF 1) were filed well over a year after the litigation commenced.  Therefore, the removal violated the literal dictates of 28 U.S.C. § 1446(b), which governs removal to federal court.  It provides, in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, **except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.**  (Emphasis added.)

Within thirty days after Suffolk's removal, Hill filed a "Motion to Remand and Request for Award of Expenses" ("Motion," ECF 28), seeking remand to state court on the basis of the one-year limit in § 1446(b), as well as attorney's fees and costs.  *Cf.* 28 U.S.C. § 1447(c) (establishing 30-day deadline after removal to file motion to remand on procedural grounds).  The matter has been fully briefed, and the Court now rules without a hearing, pursuant to Local Rule 105.6.

**Discussion**

The issue presented by Hill's Motion is whether § 1446(b)'s one-year limit constitutes an absolute bar to removal, or whether exceptions to the time limit can be made on equitable grounds.  In opposing Hill's Motion, Suffolk argues that the one-year limit is subject to equitable exceptions.  Suffolk further contends that there are equitable grounds to toll the one-year limit in this case because, in Suffolk's view, Hill intentionally obscured the amount of damages it sought until after the one-year period had expired, so as to deprive Suffolk of its right of removal.  Hill strenuously disagrees on both points.

The Fourth Circuit has not expressly decided whether equitable exceptions to the one-year limit are permissible.  However, in *Lovern v. General Motors Corp.*, 121 F.3d 160 (4th Cir. 1997), the Fourth Circuit described § 1446(b) as "erecting an *absolute bar to removal* of cases in which jurisdiction is premised on 28 U.S.C. § 1332 'more than 1 year after commencement of the action.'"  *Id.* at 163 (quoting statute) (emphasis added).  In *Lexington Market, Inc. v. Desman Associates*, 598 F. Supp. 2d 707 (D. Md. 2009), Judge Richard D. Bennett of this court relied in part upon this statement in *Lovern*, as well as the plain language of § 1446(b), in holding that "the one-year limitation is jurisdictional, and that equitable considerations are consequently inapplicable."  *Id.* at 713-14.

The view espoused by Judge Bennett in *Lexington Market* is the majority view within this circuit, although it is not unanimous.[2]  *Compare, e.g.*, *Synder v. Bannan*, Civ. No. 5:11CV19, 2011 WL 1322317 (N.D. W. Va. April 6, 2011) ("[T]he Fourth Circuit does not follow the equitable approach to § 1446."); *Lexington Market*, 598 F. Supp. 2d at 713-14 ("the one-year limitation is jurisdictional"); *Culkin v. CNH America, LLC*, 598 F. Supp. 2d 758, 761 (E.D. Va. 2009) ("equitable tolling is likely not available within this Circuit"); *US Airways, Inc. v. PMA Capital Ins. Co.*, 340 F. Supp. 2d 699, 708 n.13 ("[I]t seems unlikely that the Fourth Circuit would adopt such an [equitable tolling] exception to § 1446(b)'s 'absolute bar' to removal."),

---

[2] To my knowledge, the Fifth Circuit is the only circuit that has definitively resolved the issue.  *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003) (holding that "[s]ection § 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit").  Two other circuit courts of appeal have held that the one-year limit is "procedural" rather than "jurisdictional."  *See Music v. Arrowood Indemnity Co.*, 632 F.3d 284 (6th Cir. 2011); *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611 (3d Cir. 2003).  However, both of those decisions concerned whether the one-year limit could be applied in the absence of a timely filed motion to remand.  Neither determined whether, in ruling on a timely filed motion to remand, a court could waive the one-year limit on equitable grounds.

with *Rauch v. Rauch*, 446 F. Supp. 2d 432, 436 (holding that the one-year limit is subject to equitable exceptions but, recognizing that the issue was unsettled, certifying ruling for interlocutory appeal); *Wise v. Gallagher Bassett Servs., Inc.*, Civ. No. JFM-02-2323, 2002 WL 2001529 (D. Md. Aug. 27, 2002) (holding that "plaintiff may not raise the one-year limit established by § 1446(b)," because "plaintiff has engaged in 'forum manipulation' in an effort to defeat defendant's removal right"). As Judge Bennett pointed out, *Rauch* and *Wise* are the only post-*Lovern* cases in this circuit that have permitted equitable exceptions to the one-year limit.[3]

I am persuaded by Judge Bennett's analysis in *Lexington Market*, and find *Rauch* and *Wise* unconvincing. It is particularly noteworthy that § 1446(b)'s one-year provision is itself an exception to an exception. The ordinary rule is that a suit must be removed within thirty days after the first defendant is served with a summons and complaint in the state court action. *See Barbour v. Int'l Union*, 640 F.3d 599, 610-13 (4th Cir. 2011). Section 1446(b) permits an exception to that thirty-day limitation, when "the case stated by the initial pleading is not removable" and later developments permit the parties to "ascertain[] that the case is one which is or has become removable"; in that circumstance, the thirty-day window for removal begins to run upon receipt by the defendant of the paper that demonstrates removability. But, § 1446(b) establishes the one-year limit as an exception to that exception, applicable only to diversity cases, whereby a diversity case "may not be removed . . . more than 1 year after commencement

---

[3] Suffolk cites *Pair v. Welco-CGI Gas Technologies,* Civ. No. 3:10cv388, 2010 WL 427409 (E.D. Va. Oct. 19, 2010), as a post-*Lovern* case permitting equitable exceptions to the one-year limit. But, *Pair* is a case to which the one-year limit simply did not apply. In *Pair*, the original complaint that plaintiff filed in state court disclosed grounds for diversity jurisdiction, but the plaintiff did not serve the defendant until over a year after the complaint was filed. *Id.* at *2. The *Pair* Court held that the one-year limit only applies to cases in which "'the case stated by the initial pleading is not removable.'" *Id.* (quoting § 1446(b)) (emphasis omitted).

of the action." If Congress wished to limit the scope of this exception only to diversity cases in which there was no equitable basis to toll the removal deadline, it could easily have said so.

Moreover, it is telling that Congress did not phrase the one-year period permissively, as a time period within which a case could be removed. Rather, Congress used language of flat prohibition, stating that after a year has elapsed, a diversity case "may not be removed." As *Lexington Market* explains, the legislative history of § 1446(b) suggests that Congress enacted the one-year limit in order to "'reduc[e] the opportunity for removal after substantial progress has been made in state court,'" 598 F. Supp. 2d at 713 n.5 (quoting House Report on amendment enacting one-year limit), and that "'Congress has recognized and accepted that, in some circumstances, plaintiff can and will intentionally avoid federal jurisdiction'" by means of the one-year limit. *Id.* (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n.12 (11th Cir 1994)).

In sum, I adopt the reasoning and conclusion of *Lexington Market* that that "the one-year limitation is jurisdictional, and that equitable considerations are consequently inapplicable." *Id.* at 713-14. Therefore, I need not consider whether Suffolk has shown an equitable reason to waive the one-year limit, because the one-year limit is not waivable. It follows that the Court lacks jurisdiction over this case. Accordingly, pursuant to 28 U.S.C. § 1447(c), the case must be remanded to the Circuit Court for Baltimore City.[4]

In its Motion, Hill also asked the Court to order Suffolk to reimburse it for the "just costs and any actual expenses, including attorney fees, incurred as a result of the removal," pursuant to § 1447(c). Such an award is discretionary, and is appropriate "only where the removing party

---

[4] In state court, Suffolk filed a motion to strike Hill's Third Amended Complaint, which was not decided prior to removal. That motion (ECF 19) remains pending for decision by the circuit court. Thus, Suffolk may yet obtain relief from Hill's allegedly inequitable delay in disclosing the amount of damages it seeks.

lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  That standard is not met here.  Although I have concluded that § 1446(b)'s one-year limit is not subject to equitable tolling, the Fourth Circuit has not definitively resolved the issue.  Although the weight of authority is against Suffolk, the question remains open in this circuit.  Therefore, Suffolk's removal was not objectively unreasonable, and Hill's request for an award of costs and expenses will be denied.  *See US Airways*, 340 F. Supp. 2d at 709-10 (denying award of costs and expenses for post-one-year removal based on alleged equitable grounds, despite remand).

An Order implementing these rulings follows.


Date:   November 21, 2011                             /s/
                                            Ellen Lipton Hollander
                                            United States District Judge